**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**KEITH HAYWOOD,**

                         **Plaintiff,**                    05-CV-0842A(Sr)

v.

**REPUBLIC TOBACCO, CO., L.P.,**

and

**GLEN S. GOORD, Commissioner of the Department of Corrections (DOCS),**

                         **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #14.

Currently before the Court is defendant Republic Tobacco Co., L.P.'s ("Republic Tobacco's"), motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. #24. For the following reasons, it is recommended that defendant's motion be granted.

## BACKGROUND

Defendants removed this action to the United States District Court, Western District of New York following receipt by mail of plaintiff's summons and

complaint filed in New York State Supreme Court, County of Wyoming, on September 30, 2005. Dkt. #1. Republic Tobacco moved to dismiss the action. Dkt. #11. In response, plaintiff filed an amended complaint, which rendered the motion to dismiss moot. Dkt. ##17-19. Defendant Goord answered the amended complaint. Dkt. #20. Defendant Republic Tobacco waived service of a summons and moved to dismiss the amended complaint. Dkt. ##24, 28.

Plaintiff's amended complaint alleges that while an inmate of the New York State Department of Correctional Services ("DOCS"), at the Clinton Correctional Facility ("Clinton"), plaintiff, a non-smoker, began to suffer severe shortness of breath, wheezing and tightness in his lungs, difficulty breathing, sore throats, headaches, dizziness and irritation to his nose and eyes as a result of his exposure to second hand or environmental tobacco smoke ("ETS"). Dkt. #17. Plaintiff also alleges that he was subjected to ETS at the Attica Correctional Facility and Auburn Correctional Facility. Dkt. #17, ¶¶ 14-15. Although plaintiff's grievance was resolved in his favor, plaintiff alleges that DOCS is unable to enforce its ban on indoor smoking so long as inmates are permitted to purchase and possess tobacco within DOCS' facilities. Dkt. #17, ¶ 11. Plaintiff asserts that the inmates at Clinton "mainly smoke defendants [sic] Reynolds Top non-filtered roll-up loose tobacco." Dkt #17, ¶ 13.

Plaintiff alleges that he sustained personal injury as a result of Republic Tobacco's continued sale of its toxic product to DOCS despite New York's ban on indoor smoking. Dkt. #17. Specifically, plaintiff claims that Republic Tobacco "could

have pulled their product out of the prison commissaries once it became known that their product was an instrument used to violate state law and expose non-smokers to inherent dangerous health related illnesses from their product.  Dkt #17, ¶ 24.  Plaintiff also alleges that Republic Tobacco failed to conduct proper research and testing on their product to determine the health effects to non-smokers exposed to their toxic tobacco and to produce a less toxic, less irritating, cleaner smelling, lower tar tobacco product that produced less exhale smoke.  Dkt. #17, ¶¶ 25-30.  Plaintiff classifies his claims against Republic Tobacco as "claims of strict product liability" and "negligent testing and research."  Dkt. #18, ¶ 15.  Plaintiff acknowledges that he "has withdrawn his § 1983 claims against [Republic Tobacco]."  Dkt. #18, ¶ 15; Dkt. #29, p.2.

Plaintiff alleges that defendant Goord "knew or should have known that the prisoners would not adhere [to] or obey DOCS policies, whereas they have a serious nicotine addiction, the very addiction being supplied by DOCS within their commissaries, thus causing a continued cycle of indoor smoking violations."  Dkt. #17, ¶ 39.  Plaintiff seeks compensatory damages against DOCS for its failure to monitor and enforce the indoor smoking ban and a permanent injunction "barring all tobacco products within DOCS."  Dkt. #17, ¶¶ 35-46.

## DISCUSSION AND ANALYSIS

Republic Tobacco asserts that it has no obligation or ability to address plaintiff's true grievance, *to wit*, DOCS' failure to enforce its ban on indoor smoking to prevent his exposure to ETS.  Dkt. #22, pp.1, 3.  Republic Tobacco argues that it

cannot be held liable under a strict product liability theory because it has no duty to warn of the commonly known risks associated with tobacco use.  Dkt. #22, pp.5-8.  In any event, because plaintiff's actions demonstrate an awareness of the danger of ETS, Republic Tobacco argues that any failure to warn could not be considered the proximate cause of plaintiff's exposure to ETS.  Dkt. #22, pp.8-10.

Plaintiff responds that he is not claiming failure to warn, but has stated a cause of action for personal injury and "failure to test and research their product to produce a less toxic, less irritant [sic] tobacco product."  Dkt. #29, pp.2-3, 5.

Dismissal Standard

When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants.  *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).  However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.  *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973).

The court is required to read the complaint broadly and with great latitude on a motion to dismiss.  *Yoder v. Orthomolecular Nutr. Inst.*, 751 F.2d 555, 558 (2d Cir.1985).  The court's function on a motion to dismiss is "not to weigh the evidence that

might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001). Stated another way, I must determine whether plaintiff has stated any valid ground for relief in his complaint. *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994).

Strict Product Liability for Defective Design

> In New York, three broad categories of product defects can expose manufacturers to liability in negligence and strict product liability, when such defects cause injury in the course of intended and reasonably foreseeable unintended uses: first, mistakes in manufacturing which render the product dangerous and cause harm, second, absence of, or inadequacy of, warnings accompanying a product which causes harm, and, finally, defects in design.

*DeRosa v. Remington Arms Co., Inc.*, 509 F. Supp. 762, 765 (E.D.N.Y. 1981) (internal citations omitted). Plaintiff's complaint, as it relates to Republic Tobacco, alleges improper design, *to wit*, defendant's failure to test and research their product to produce a less toxic, less irritating tobacco product. Dkt. #1, ¶ 26. Defendant responds that "a defective design theory would seem farfetched when speaking of loose tobacco." Dkt. #22, p.3.

To state a cause of action for a design defect, plaintiff must allege that the product was unreasonably dangerous for its intended use. *McCarthy v. Olin Corp.*,

119 F.3d 148, 155 (2d Cir. 1997). In considering intended use of a product,

> it must be acknowledged that: [m]any products, however well-built or well-designed may cause injury or death. Guns may kill; knives may maim; liquor may cause alcoholism; but the mere fact of injury does not entitle the [person injured] to recover . . . there must be something wrong with the product, and if nothing is wrong there will be no liability.

*Id.* Thus, "[a]s a matter of law, a product's defect is related to its condition, not its intrinsic function." *Id.*

The very purpose of the loose tobacco sold in DOCS' commissary is for smoking and the potential health consequences of inhaling the smoke produced when the loose tobacco is put to its intended use cannot be designed away.[1] Plaintiff's complaints are not caused by any defect in the design of Republic Tobacco's loose tobacco product, but are the result of plaintiff's inability, due to his incarceration and DOCS' alleged failure to enforce its policy, to avoid ETS. Accordingly, it is recommended that Republic Tobacco's motion to dismiss the strict products liability cause of action be granted and that this case proceed against the DOCS' defendants.

## **CONCLUSION**

Based on the foregoing, it is recommended that defendant Republic Tobacco's motion (Dkt. #24), to dismiss the complaint be **GRANTED**.

---

[1] The Court notes that, to the extent that Courts in this jurisdiction have considered claims of defective cigarette design, they have dismissed such claims for failure to produce evidence of a safer, feasible alternative design. *See Neri v. R.J. Reynolds Tobacco Co.*, No. 98-CV-371, 2000 WL 33911224 (N.D.N.Y. Sept. 28, 2000); *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp.2d 70 (N.D.N.Y. 2000); *Semowich v. R.J. Reynolds Tobacco Co.*, No. 86-CV-118, 1988 WL 123930 (N.D.N.Y. Nov. 15, 1988).

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify

the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the defendants and to the *pro se* plaintiff.

**SO ORDERED.**

DATED:   Buffalo, New York
         March 19, 2007

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**